UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAVID WELCH, et al.,

                Plaintiff(s),

    v.

NARCONON FRESH START d/b/a RAINBOW CANYON RETREAT, et al..

                Defendant(s).

Case No. 2:14-CV-167 JCM (CWH)

ORDER

Presently before the court is defendant Narconon Fresh Start d/b/a Rainbow Canyon Retreat's (hereinafter "defendant") motion to dismiss. (Doc. # 32). Plaintiffs David Welch, Stacy Welch, and Jack Welch (hereinafter "plaintiffs") filed a response, (doc. # 38), and defendant filed a reply, (doc. # 41).

**I.   Background**

On or about August 1, 2013, after searching the internet for a rehabilitation facility for her 19-year-old son, Jack, plaintiff Stacy Welch was contacted by an individual who recommended Narconon's Fresh Start facility. (Doc. # 23). Based on statements of Narconon representatives about the program, plaintiffs David and Stacy Welch paid $33,000 to enroll Jack in Narconon's drug treatment program. (Doc. # 23).

Plaintiffs allege that while attending Narconon's program, Jack was not provided any drug rehabilitation treatment. (Doc. # 23). Instead, they contend that he was forced to practice scientology and undergo a dangerous sauna program without medical supervision. (Doc. # 23). As a result, Jack purportedly suffered from tremors, severe dehydration, headaches, and persistent diarrhea. (Doc. # 23). At one point, he became unable to speak and was taken to the emergency room. (Doc. # 23).

**James C. Mahan**
**U.S. District Judge**

On November 19, 2013, Jack called his parents and communicated that he felt in danger at the Narconon facility. (Doc. # 23). As a result, his father retrieved him from the facility. (Doc. # 23). To date, Jack remains under the care of physicians and a neurologist. (Doc. # 23). He reportedly suffers from anxiety, paranoia, memory problems, and tremors, all as a result of his experience at the Narconon facility. (Doc. # 23).

On July 11, 2014, plaintiffs filed their second amended complaint against defendants Narconon Fresh Start, Association for Better Living and Education International, and Narconon International, alleging (1) breach of contract; (2) fraud; (3) negligence; (4) intentional infliction of emotional distress; (5) negligent misrepresentation; (6) negligence per se; (7) civil RICO for mail and wire fraud; (8) breach of the implied covenant of good faith and fair dealing; and (9) civil conspiracy. (Doc. # 23).

Defendant Narconon Fresh Start now moves to dismiss plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and civil RICO for mail and wire fraud. (Doc. # 32).

## II.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**III. Discussion**

*A. Breach of contract*

In Nevada, "to succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011) (citing *Bernard v. Rockhill Dev. Co.*,

**James C. Mahan**
**U.S. District Judge**

- 3 -

734 P.2d 1238, 1240 (Nev. 1987) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.")).

"Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 121 Nev. 668, 672 (Nev. 2005). Whether a party has breached a contract and whether the breach is material are questions of fact. *Hoffman v. Eighth Judicial Dist. Ct.*, 90 Nev. 267, 270 (1974).

Plaintiffs allege that defendant breached its contract with plaintiffs by failing to provide drug and alcohol treatment to Jack, instead forcing him to practice scientology. (Doc. # 23). Defendants contend that this cause of action should be dismissed because, while plaintiff Stacy Welch signed the contract and plaintiff Jack Welch may have been a third-party beneficiary, plaintiff David Welch was neither a party to nor a beneficiary of the contract. (Doc. # 41).

Accepting plaintiffs' well-pleaded allegations as true, defendants are not entitled to dismissal on the breach of contract claim. Plaintiffs collectively paid $33,000 to enroll Jack in Narconon's rehabilitation program, and Narconon agreed to provide treatment in exchange. This evidence is sufficient to support a finding of a valid contract.

Plaintiffs performed their end of the bargain by paying the enrollment price. Further, plaintiffs sufficiently allege a breach by defendant based on the fact that "[t]here were no medical personnel overseeing Jack during his time undergoing the sauna program at Narconon." (Doc. # 23).

Additionally, plaintiffs claim that "[d]espite Narconon's representations that Jack would receive extensive counseling, at no point did Narconon staff ever speak to Jack about the specifics of his life or his drug use and its causes. In fact, no one at Narconon ever spoke to Jack about his substance abuse at all." (Doc. # 23). These allegations, taken as true, are sufficient to support a finding that defendant breached the contract.

Finally, plaintiffs sufficiently allege damages in the form of Jack's medical problems and required treatment following his enrollment in the Narconon program. Additionally, plaintiffs can prove that they suffered monetary damages through loss of the $33,000 contract price.

**James C. Mahan**
**U.S. District Judge**

These facts, when taken as true, could support a finding of breach of contract. Defendant's argument that plaintiff David Welch lacks standing does not change this result.

While plaintiff Stacy Welch was the only party to sign the Narconon Fresh Start terms and conditions, plaintiffs were jointly induced to commit to the program based on the representations of Narconon. Further, plaintiffs David and Stacy Welch allege that they collectively paid the enrollment fee for their son. Accordingly, plaintiffs have alleged sufficient facts to support a breach of contract claim and dismissal on this cause of action will be denied.

*B. Breach of the implied covenant of good faith and fair dealing*

In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989). This implied covenant requires that parties "act in a manner that is faithful to the purpose of the contract and the justified expectations of the other party." *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

"When one party performs a contract in a manner that is unfaithful to the purpose of the contract . . . damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991). A breach of the duty of good faith and fair dealing can occur "[w]here the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract." *Id.* at 922-23.

To prevail on a theory of breach of the covenant of good faith and fair dealing, a plaintiff must establish each of the following: (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith to plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Plaintiffs' complaint alleges that defendants breached the implied covenant of good faith and fair dealing by, among other things, "having Jack unwittingly study and practice Scientology in lieu of engaging in drug treatment." (Doc. # 23).

James C. Mahan
U.S. District Judge

- 5 -

Defendant argues that plaintiffs' claim for breach of the implied covenant of good faith and fair dealing should be dismissed because it is derivative of plaintiffs' breach of contract claim. (Doc. # 32). Namely, defendant again argues that all of plaintiffs' contract claims should be dismissed because plaintiff David Welch was not a party to the contract.

Again, this argument is without merit. Plaintiffs have alleged facts that, when taken as true, are sufficient to show a breach of the implied covenant of good faith and fair dealing. Plaintiffs' complaint states that defendant promised to provide a secular drug treatment program. Instead, defendant allegedly attempted to indoctrinate Jack Welch in the practice of scientology while failing to treat him for his drug addiction.

Additionally, plaintiffs allege that defendant's representatives expressly assured them of the secular nature of the program. The statement of terms and conditions also claims that the program is secular. Taking plaintiffs' well-pleaded complaint as true, defendant's scientology teachings could show a breach of the implied covenant of good faith and fair dealing. Plaintiffs could produce evidence that defendant's conduct was unfaithful to the nature of the contract and plaintiffs' expectations. Accordingly, the court finds that dismissal on this cause of action is also inappropriate.

*C.  Intentional infliction of emotional distress*

To establish a claim of intentional infliction of emotional distress, a plaintiff must prove that (1) the defendant engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) [the plaintiff] suffered severe or extreme emotional distress; and (3) actual or proximate causation." *Posadas* v. *City of Reno,* 851 P.2d 438, 444 (Nev. 1993).

Under Nevada law, extreme and outrageous conduct is that "which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized society." *Welder v. Univ. of S. Nev.*, 833 F. Supp. 2d 1240, 1245 (D. Nev. 2011).

Plaintiffs allege that defendants forced Jack to participate in a scientology ritual called the "purification rundown." This purportedly required Jack to ingest extreme doses of a flushing agent while sitting in a 160-degree sauna for five hours per day, five days per week. While

subjected to this process, Jack allegedly suffered tremors, became unable to speak, and had to be taken to the emergency room.

The court finds that these allegations alone, when taken as true, preclude dismissal of plaintiffs' intentional infliction of emotional distress claims. The conduct described could support a jury finding of extreme and outrageous conduct performed with the intention to create, or reckless disregard for, emotional distress.

Further, plaintiffs claim that Jack suffers from continuing anxiety and paranoia as a result of defendants' conduct. They also allege that Jack experiences tremors and memory problems, requiring him to see a neurologist and other physicians. Accordingly, plaintiffs adequately allege that Jack has suffered severe emotional and physical distress.

Finally, the court finds that plaintiffs could prove the required causation at trial. Accordingly, the court declines to dismiss plaintiff's intentional infliction of emotional distress claim.

*D. Civil RICO for mail and wire fraud*

Plaintiffs' complaint states a claim for civil RICO mail and wire fraud. Defendant contends that this cause of action should be dismissed for failure to state a claim upon which relief can be granted. Plaintiffs state in their response to the motion to dismiss that they are abandoning this claim for strategic reasons. (Doc. # 38). Accordingly, the court will grant the motion to dismiss on the civil RICO claim.

**IV. Conclusion**

Based on the foregoing analysis, the court finds it appropriate to grant defendant's motion to dismiss on plaintiffs' civil RICO claim and deny the motion with regard to plaintiffs' breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress claims.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 32), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED September 12, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 8 -