1  S. BRENT VOGEL
   Nevada Bar No. 6858
2  ALAYNE M. OPIE
   Nevada Bar No. 12623
3  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
4  Las Vegas, Nevada 89118
   702.893.3383
5  FAX: 702.893.3789
   brent.vogel@lewisbrisbois.com
6  alayne.opie@lewisbrisbois.com

7  DAVID SCHEPER, Ca. Bar No. 120174 (*pro hac vice*)
   WILLIAM H. FORMAN, Ca. Bar No. 150477 (*pro hac vice*)
8  GREGORY A. ELLIS, Ca. Bar No. 204478  (*pro hac vice*)
   MARGRET DAYTON, Ca. Bar No. 274353 (*pro hac vice*)
9  SCHEPER KIM & HARRIS LLP
   601 W. Fifth Street, 12th Floor
10 Los Angeles, California 90071

11 *Attorneys for Defendant Narconon Fresh*
   *Start dba Rainbow Canyon Retreat ("Fresh Start")*
12

13              UNITED STATES DISTRICT COURT

14              FOR THE DISTRICT OF NEVADA

15

16 DAVID WELCH, a Texas Citizen; STACY        CASE NO. 2:14-cv-00167-JCM-CWH
   WELCH, a Texas Citizen; and JACK WELCH,    Dept. No.: 3
17 a Texas Citizen,
                                              **STIPULATION REGARDING**
18         Plaintiffs,                        **DOCUMENTS PRODUCED BY THE**
                                              **RIGHT STEP IN RESPONSE TO**
19    vs.                                     **SUBPOENA**

20 NARCONON FRESH START d/b/a
   RAINBOW CANYON RETREAT, a
21 California Corporation; ASSOCIATION FOR
   BETTER LIVING AND EDUCATION
22 INTERNATIONAL; NARCONON
   INTERNATIONAL
23 and DOES 1-100, ROE Corporations I-X,
   inclusive,
24
           Defendants.
25

26

27         THE RIGHT STEP was served with a Subpoena dated April 6, 2015, to testify at deposition

28 and to produce documents in a civil action in connection with the above-captioned matter.

LEWIS
BRISBO
IS
BISGAARD
& SMITH LLP

4845-1286-2499.1

1   Specifically, THE RIGHT STEP was commanded to produce specific documents and to designate

2   one or more representative to testify on its behalf in conformity with the following:

4       Testimony: you are commanded to appear at the time, date, and place set forth in
    the *Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action* to testify at

5       a deposition to be taken in this civil action. Since The Right Step is *not* a named
    party in this case, The Right Step must designate **one or more** officers, directors, or

6       managing agents, or designate other persons who consent to testify on its behalf
    about the following matters:

8       Person(s) Most Knowledgeable Regarding:

9     1.  **The Right Step's success rate.** This includes, but is not limited to, what the

10       success rate was for the inpatient rehabilitation program for the past five years, the
    current success rate, how The Right Step defines "success", the method in which

11       The Right Step determines its success rate (i.e. how The Right Step calculates its
    success rate, etc.), the length of time The Right Step follows up with former patients

12       to determine their sobriety status, analysis on The Right Step's success rate (if any),
    comparison of The Right Step's success rate with other rehabilitation programs (if

13       any), the reliability of The Right Step's success rate, advertising of The Right Step's
    success rate.

15     2.  **The content of the treatment program Jack Welch aka Jacob Hudkins aka
    Jack Hudkins aka Jacob Welch (DOB:04.18.1994) was enrolled at The Right**

16       **Step.** This includes, but is not limited to, any and all references to a "higher
    power", how The Right Step defines a "higher power", the

17       education/instruction/information patients are provided regarding a "higher power",
    and why a "higher power" is incorporated into The Right Step

18       program: programs/groups/meetings which incorporate spiritual and/or religious
    aspects, i.e. meditation, yoga, individual prayer, group prayer, or others; all aspects of

19       "spirituality awareness" activities (as advertised on www.rightstep.com ); religious

20       accommodations made available to patients, i.e. transportation to a church of their
    choosing, dedicated prayer time, or other accommodations; fundamentals of the 12-

21       step program which The Right Step utilizes that are based upon religious aspects and
    the reasons for incorporating them into the program.

22       Production: The Person(s) Most Knowledgeable designated by The Right Step to

23       testify with respect to the above-listed subject areas, must also bring with
    him/her/them to the deposition, any and all documents, electronically stored

24       information, or objects, and/or permit their inspection, copying, testing or sampling
    of the material, **all documents relied upon in testifying regarding the above-**

25       **listed subject areas.** This includes documents utilized in preparing to testify and
    which support the deponent's testimony.

27   On March 17, 2015, THE RIGHT STEP served FRESH START with its Objections of Third Party

28   The Right Step to Defendant Narconon Fresh Start's Subpoena to Testify at a Deposition or to

LEWIS
BRISBO
IS
BISGAARD

1    Produce Documents in a Civil Action.  **Exhibit A.**    Notwithstanding said objections, THE RIGHT

2    STEP will produce responsive documents and testimony.

3            On February 6, 2015, the parties (Plaintiffs and Defendants) entered into a Stipulated

4    Protective Order governing production of documents and testimony.   The Court so ordered the

5    parties (Plaintiffs and Defendants) to be bound by the Stipulated Protective Order on February 9,

6    2015. (Doc. 76).  **Exhibit B.**

7            THE RIGHT STEP, a non-party, in producing documents in response to the aforementioned

8    Subpoena, requires that its documents be treated confidentially.

9            WHEREFORE IT IS HEREBY **STIPULATED AND AGREED** by and between the

10   undersigned counsel as follows:

11           The parties (Plaintiffs and Defendants) agree that the materials produced by THE RIGHT

12   STEP shall be considered "Confidential Material" as the term is utilized throughout the Stipulated

13   Protective Order (Doc. 76) and given all protections identified therein.  The parties (Plaintiffs and

14   Defendants) agree to treat THE RIGHT STEP's production confidentially as if THE RIGHT STEP

15   were a party to this lawsuit and party to the Stipulated Protective Order.

16

17   Dated this 28th day of April, 2015.                    Dated this 28th day of April, 2015.

18   LEWIS BRISBOIS BISGAARD & SMITH LLP

19

20   By:    /s/ Alayne Opie                                 By:    /s/ Artemus Ham
     S. Brent Vogel                                         Ryan Hamilton, Esq.
21   Nevada Bar No. 006858                                  HAMILTON LAW
     Alayne M. Opie                                         5125 S. Durango Drive, Suite C
22   Nevada Bar No. 12623                                   Las Vegas, Nevada 89113
     6385 S. Rainbow Boulevard, Suite 600                  and
23   Las Vegas, Nevada 89118                                Artemus Ham, Esq.
     *Attorneys for Defendant Narconon Fresh*              EGLET LAW GROUP
24   *Start dba Rainbow Canyon Retreat ("Fresh Start")*    400 S. 7th Street, 4th Floor
                                                            Las Vegas, Nevada 89101
25                                                          *Attorneys for Plaintiffs*

26   .

27   …

28

LEWIS
BRISBO
IS
BISGAARD

STIPULATION REGARDING DOCUMENTS
PRODUCED BY THE RIGHT STEP
IN RESPONSE TO SUBPOENA

*Welch v. Narconon et al.;* 2:14-cv-00167-JCM-CWH

Dated this __28th__ day of April, 2015

BAKER, KEENER & NAHRA, LLP

By: ____/s/ Robert Baker____
Robert C. Baker
Baker, Keener & Nahra, LLP
633 West 5th Street, Suite 5500
Los Angeles, California 90071
and
Robert McBride
CARROLL, KELLY, TROTTER,
FRANZEN, MCKENNA & PEABODY
701 North Green Valley Pkwy, Suite 200
Henderson, Nevada 89074
*Attorney for Narconon International
and Association For Better Living
And Education International*

Dated this __28th__ day of April, 2015.

BAKER HOSTETLER

By: ____/s/ Matthew Caligur____
Matthew W. Caligur
811 Main Street
Suite 1100
Houston, Texas 77002-6111
*Counsel for The Right Step*

## **ORDER**

IT IS SO ORDERED.

DATED: April 30, 2015

_____
United States Magistrate Judge

LEWIS
BRISBO
IS
BISGAARD

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

DAVID WELCH, A TEXAS CITIZEN, *et al.*,

        Plaintiff,

        v.

NARCONON FRESH START D/B/A
RAINBOW CANYON RETREAT, A
CALIFORNIA CORPORATION, *et al.*,

        Defendant.

Civil Action No. 2:14-cv-00167
(Pending in District of Nevada)

**OBJECTIONS OF THIRD PARTY THE RIGHT STEP TO DEFENDANT NARCONON
FRESH START'S SUBPOENA TO TESTIFY AT A DEPOSITION OR TO PRODUCE
DOCUMENTS IN A CIVIL ACTION**

        Third party The Right Step ("TRS"), through its counsel, pursuant to Rule 45(d)(2)(B) of

the Federal Rules of Civil Procedure, hereby states the following objections and responses to

Defendant's Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

dated March 4, 2015 ("Subpoena"):

**GENERAL OBJECTIONS**

        1.    The following general objections ("General Objections") shall apply to each

paragraph of the Subpoena unless the response expressly states otherwise.

        2.    TRS objects to the Subpoena's instructions to the extent that they deviate from or

conflict with, or impose a greater obligation than that set forth in the Federal Rules of Civil

Procedure and applicable Local Rules.

        3.    TRS objects to the Subpoena's instruction that TRS must designate to testify at a

deposition the "Person(s) Most Knowledgeable" regarding the topics therein.  This instruction

imposes a greater obligation than set forth in Rule 30(b)(6) of the Federal Rules of Civil

Procedure, which requires TRS to designate a person that can "testify about information known or reasonably available to the organization."

4.     TRS objects to "Exhibit A" of the Subpoena because none of the terms are defined, and as such, all of the requests are vague and ambiguous.

5.     TRS objects to "Exhibit A" of the Subpoena because no relevant time period is provided and, as such, all of the requests are overly broad and unduly burdensome.

6.     TRS also objects to the Subpoena to the extent that the requested documentation involves confidential information, including, but not limited to, proprietary information, trade secrets, competitive business information, financial, or private personal information, which TRS is not required to produce and/or is precluded from producing pursuant to applicable rules and regulations.  Moreover, it does not appear that a protective order is in place to protect any such confidential information.

7.     TRS objects to producing any documents that would reveal confidential, proprietary, or trade secret information of TRS.

8.     TRS objects to the Subpoena to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9.     TRS objects to the Subpoena to the extent that it purports to require TRS to provide information or produce documents not within its possession, custody or control, and further objects to all requests that purport to require TRS to create documents not already in existence.

10.     TRS objects to the Subpoena to the extent that it requires TRS to produce documents which are already in the possession, custody, or control of the parties to this litigation, or their agents, attorneys, or representatives, or that are publicly-available.  As a non-

party, TRS should not be required to assume the burden and expense of collecting, reviewing, and producing documents that either Defendant or Plaintiff can obtain from each other.

11.    TRS objects to the Subpoena to the extent that it is overly broad, unduly burdensome, potentially duplicative, and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

12.    TRS objects to being put to the burden of responding to this Subpoena because it is duplicative of a previous subpoena to which TRS has already responded to in this matter, by producing responsive documents and presenting Mark Chapman for deposition.

13.    TRS objects to the Subpoena to the extent that it is not narrowly tailored so as to avoid imposing undue burden or expense on TRS as required by Rule 45(d)(1) of the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS

Subject to and without waiving the foregoing General Objections, TRS specifically objects and responds to the Subpoena's requests as follows:

**Request No. 1**: The Right Step's success rate. This includes, but is not limited to, what the success rate was for the inpatient rehabilitation program for the past five years, the current success rate, how The Right Step defines "success." The method in which The Right Step determines its success rate (i.e. how The Right Step calculates its success rate, etc.), the length of time The Right Step follows up with former patients to determine their sobriety status, analysis on The Right Step's success rate (if any), comparison of The Right Step's success rate with other rehabilitation programs (if any), the reliability of The Right Step's success rate, advertising of The Right Step's success rate.

**Response**: TRS objects to Request No. 1 because the terms and phrases "success rate," "inpatient rehabilitation program, "sobriety status," "success rate with other rehabilitation programs," and "reliability of…success rate" are undefined and are vague and ambiguous. The Request fails to state with reasonable particularity the specific documents sought. The Request also is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence. TRS further objects to this Request to the extent that it purports to require

TRS to produce documents containing information that is confidential, proprietary, trade secret,

competitive business information, financial, or confidential personal information.

**Request No. 2**:  The content of the treatment program Jack Welch aka Jacob Hudkins aka Jack Hudkins aka Jacob Welch (DOB: 04.18.1994) was enrolled at The Right Step. This includes, but is not limited to, any and all references to a "higher power," how The Right Step defines a "higher power," the education/instruction/information patients are provided regarding a "higher power," and why a "higher power" is incorporated into The Right Step program; programs/groups/meetings which incorporate spiritual and/or religious aspects, i.e. meditation, yoga, individual prayer, group prayer, or others; all aspects of "spirituality awareness" activities (as advertised on www.rightstep.com); religious accommodations made available to patients, i.e. transportation to a church of their choosing, dedicated prayer time, or other accommodations; fundamentals of the 12-step program which The Right Step utilizes that are based upon religious aspects and the reasons for incorporating them into the program.

**Response**:  TRS objects to Request No. 2 because the terms and phrases "treatment program,"

"higher power," "spiritual and/or religious aspects," and "religious accommodations" are

undefined and are vague and ambiguous. The Request fails to state with reasonable particularity

the specific documents sought.   The Request is overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. TRS also objects because

this Request is not limited to a specific time period, and as such, is overly broad and unduly

burdensome. Finally, TRS further objects to this Request to the extent that it purports to require

TRS to produce documents containing information that is confidential, proprietary, trade secret,

competitive business information, financial, or confidential personal information.

Dated: March 17, 2015                     Respectfully submitted,

                                          BAKER & HOSTETLER LLP


                                          By:    /s/ Matthew W. Caligur
                                                 Matthew W. Caligur
                                                 Texas Bar No. 24031788
                                                 mcaligur@bakerlaw.com
                                                 811 Main Street, Suite 1100
                                                 Houston, TX  77002-6111
                                                 Telephone: 713.751.1600
                                                 Facsimile:  713.751.1717

                                                 **ATTORNEYS FOR THE RIGHT
                                                 STEP**


## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2015, a copy of the foregoing Objections

of The Right Step to Defendant's Third Party Subpoena to Testify at a Deposition or to Produce

Documents in a Civil Action was served on the following counsel of record:

**Via Certified Mail # 7012 1010 0003 7432 8555**
Alayne Opie, Esq.
Lewis Brisbois Bisgaard & Smith
6385 South Rainbow Blvd., Suite 660
Las Vegas, Nevada 89118

*Attorneys for Defendant*


                                          /s/ Matthew W. Caligur
                                          Matthew W. Caligur

# EXHIBIT B

S. BRENT VOGEL
Nevada Bar No. 6858
ALAYNE M. OPIE
Nevada Bar No. 12623
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
brent.vogel@lewisbrisbois.com
alayne.opie@lewisbrisbois.com
*Attorneys for Defendant Narconon Fresh
Start dba Rainbow Canyon Retreat ("Fresh Start")*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DAVID WELCH, a Texas Citizen; STACY WELCH, a Texas Citizen; and JACK WELCH, a Texas Citizen,<br><br>        Plaintiffs,<br><br>vs.<br><br>NARCONON FRESH START d/b/a RAINBOW CANYON RETREAT, a California Corporation; ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL; NARCONON INTERNATIONAL and DOES 1-100, ROE Corporations I-X, inclusive,<br><br>        Defendants. | CASE NO. 2:14-cv-00167-JCM-CWH<br>Dept. No.: 3<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY **STIPULATED AND AGREED** by and between the undersigned counsel as follows:

**1.0    GENERAL INFORMATION:**

    1.1   Definitions - As used in this Order, the word:

        1.1.1   "Party" or "Parties" shall include *Plaintiffs* DAVID WELCH, STACY

              WELCH, JACK WELCH, and *Defendants* NARCONON FRESH START dba

LEWIS
BRISBO
IS
BISGAARD

RAINBOW CANYON RETREAT, NARCONON INTERNATIONAL, ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL, and each of their/its/his/her employees, agents, representatives, and attorneys (including both outside counsel and inside counsel).

1.1.2 "Person(s)" shall include any "Party" to this action, whether an individual, corporation, partnership, company, unincorporated association, governmental agency, or other business or governmental agency.

1.1.3. "Confidential Material" shall mean any and all confidential or proprietary documents, data, or information provided in response to written discovery requests, subpoena, deposition testimony, or otherwise produced. All Confidential Materials shall be Bates stamped and marked as confidential with a watermark or legend.

1.1.4. "Discovering Party" shall mean the Party who has requested documents designated as Confidential Material under this Stipulated Protective Order or is in possession of documents designated as Confidential Material.

1.1.5 "Producing Party" shall mean the Party who has produced documents designated as Confidential Material under this Stipulated Protective Order.

1.1.6 "Fresh Start" shall mean Narconon Fresh Start dba Rainbow Canyon Retreat.

1.1.7 "NI" shal mean Narconon International.

1.1.8 "ABLE" shall mean Association For Better Living And Education International.

1.1.9 "Defendants" shall mean Narconon Fresh Start dba Rainbow Canyon Retreat, Narconon International and Association For Better Living And Education International.

1.1.10 "Licensing Agreement" shall mean the License Agreement dated May 14, 2001, by and between Narconon International and Narconon Southern

LEWIS
BRISBO
IS
BISGAARD

1    California, Inc. previously disclosed and identified as LICENSE-00001-9.

2    1.2    Trade Secrets and Proprietary Information:

3    Defendants contend that documents designated as Confidential Material represent

4    and/or reflect trade secrets or other confidential and proprietary research,

5    development or commercial information. The Parties agree Defendants have a

6    legitimate interest in protecting trade secrets, or other confidential and proprietary

7    research, development or commercial information, including those which Fresh Start

8    has been granted the non-exclusive right and license to use pursuant to the Licensing

9    Agreement. The Parties agree the protections within this agreement are adequate.

10   1.3.   Nature of this Stipulated Protective Order:

11   The nature of this Stipulated Protective Order is to protect the Parties' confidential

12   information, including, Defendants' business interests in their own intellectual

13   property, information, and processes. Furthermore, the nature of this Stipulated

14   Protective Order is protect Fresh Start from any liabilities that arise out of the

15   Licensing Agreement. Defendants contend that disclosure of their trade secrets,

16   confidential or proprietary information or any of those referenced in the Licensing

17   Agreement, could cause irreparable and significant harm to Fresh Start, Narconon

18   International, Association For Better Living And Education, and their affiliates. This

19   Stipulated Protective Order is intended to prevent this foreseeable harm and any

20   related unforeseeable harm.

21   1.4    Public Health & Safety Not At Issue:

22   The documents and information at issue do not involve the public health and safety, a

23   public entity, or issues important to the general public.

24   1.5    Good Faith Discovery Cooperation:

25   It is the purpose of this Stipulated Protective Order and the desire of the Parties to

26   make the broadest range of reasonably relevant documents available to the Parties,

27   without waiving any trade secrets, privilege, or otherwise proprietary information,

28

LEWIS
BRISBO
IS
BISGAARD

while protecting all Parties interests', while adhering to the Licensing Agreement, and without subjecting the Parties and the Court to numerous discovery motions.

1.6    <u>Reliance on this Agreement</u>:

The Parties agree to limit dissemination of any documents and information as set forth in this Stipulated Protective Order and are materially relying on the representations and covenants contained within.

**2.0    SCOPE, RELIANCE AND PURPOSE:**

2.1    It is a purpose of this Stipulated Protective Order that Defendants will be provided reasonable assurance that:

2.1.1    The documents or information produced by Defendants will be used in this litigation and this litigation only and similar litigation involving the same Defendants and counsel only;

2.1.2    The documents or information produced by Defendants will not be used for commercial purposes;

2.1.3    The documents or information produced by Defendants will not be used for non-litigation purposes.

2.2    The Parties are relying on this Stipulated Protective Order, and would not have produced the documents and information otherwise.

2.3    The Parties' production under this Stipulated Protective Order does not admit or concede the documents or information are relevant or admissible in this litigation.

2.4    This Stipulated Protective Order survives the end of the above-styled litigation.

2.5    The Parties agree good cause exists for this Stipulated Protective Order and for the Court to enter this Order.

2.6    Compliance with this Stipulated Protective Order will be a material term to any settlement agreement reached in this case.

**3.0    PRODUCTION OF DOCUMENTS:**

3.1    Any documents produced, produced for inspection and/or made available for copying

LEWIS
BRISBO
IS
BISGAARD

in this action by any Party to this litigation or any third parties whether before or after the date of entry of this Order may be designated Confidential Material. Such a designation shall be made by placing a watermark or legend inscribing the word "Confidential" on the face of each page of each document so designated. In the event a book is produced, the material shall be designated as Confidential Material by placing a watermark or legend inscribing the word "Confidential" on the front cover of the book. Thereafter, if any single page from the book is duplicated, the individual pages shall be designated Confidential Material by placing a watermark or legend inscribing the word "Confidential" on each page of the document so designated.

3.2     Such Confidential Materials in whole or in part or in any form, and the information within, may be used and disclosed solely for the preparation and trial of this litigation only, including all appeals. Copies of any discovery designated "Confidential" shall only be provided to parties or persons as identified within this Stipulated Protective Order.

3.3     The Parties and their counsel agree to use reasonable efforts not to disclose the information to any third person or entity whatsoever, except to (the following are collectively referred to as "Qualified Person(s)"):

    a.     counsel of record in this action on behalf of a Party to this litigation;

    b.     employees or agents of counsel including regularly employed support staff, paralegal and clerical personnel who have a direct responsibility for assisting such counsel in the preparation and trial of litigation, including appeals;

    c.     outside consultants and experts and their employees or agents retained by counsel or any Party to this litigation for the purpose of assisting in the preparation and trial of this litigation, including appeals;

    d.     the United States District Court, District of Nevada, ("the Court"), and court personnel, including stenographic reporters regularly employed

by the Court;

    e.     stenographic or video reporters who are otherwise engaged in such proceedings as are necessarily incident to the conduct of this litigation;

    f.     witnesses or prospective witnesses requested by counsel to give testimony or otherwise to prepare for any deposition, hearing, trial or other proceeding in this litigation.

Any person or group of people who do not each meet the criteria of a Qualified Person as defined above, shall be deemed to be a "non-qualified person" or "non-qualified persons."

## 4.0    DEPOSITIONS

Deposition testimony concerning any Confidential Material shall be designated as Confidential Material under the terms of this Stipulated Protective Order. The court reporter shall note on the record the designation of Confidential Material and shall separately transcribe those portions of the testimony so designated and shall mark the face of such portion of the transcript as "Confidential Material." The Parties may use Confidential Material during any deposition provided the witness is apprised of the terms of this Stipulated Protective Order and executes the AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION, attached as Exhibit "A." The Parties may use Confidential Material during a deposition only if the room is first cleared of all non-qualified persons.

## 5.0    CONTESTING THE DESIGNATION OF CONFIDENTIAL MATERIAL

In the event that any Party desires to contest the designation of any documents, information, or testimony as Confidential Material, that Party shall, after requesting and being denied re-designation within a timely manner, shall file an objection with the Court and request a hearing on the matter. At such hearing, the Party designating the information as Confidential Material shall have the burden to establish that Party's right to protection of the Confidential Material. All such documents, information or testimony shall be treated as Confidential Material until the Court makes a decision regarding the status of the documents, information and testimony.

**7.0     VIEWING OF DOCUMENTS BY THIRD PARTIES:**

The Parties agree and acknowledge that before disclosing any Confidential Material to a Qualified Person, as defined above in Section 3.3(c) of this Stipulated Protective Order, the Party shall provide to the Qualified Person a copy of this Stipulated Protective Order and each Qualified Person shall execute a copy of the attached AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION. The executed copy of Exhibit "A" shall be retained by the attorney who has disclosed the Confidential Material to the Qualified Person.

**8.0     NO WAIVER BY INADVERTENT PRODUCTION:**

If any Confidential Material is inadvertently provided to a Discovering Party without being marked as Confidential in accordance with this Order, the failure to so mark the material shall not be deemed a waiver of its confidentiality, privilege, or right to object.

**9.0     RETURN OF DOCUMENTS AT END OF LITIGATION:**

Within ten (10) days after the final settlement or termination of action, it is the obligation of the Discovering Party to return or destroy all Confidential Material provided by the Producing Party. The Discovering Party shall return or destroy all Confidential Material, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting, or otherwise embodying any Confidential Material, except that the Discovering Party shall be entitled to destroy, rather than return (a) any Confidential Material stored in or by data processing equipment and (b) work product memoranda or pleadings embodying Confidential Material, subject to State Bar rules. The Discovering Party will confirm in writing to the Producing Party its compliance with this Section 9.0.

**10.0    PHOTOCOPYING PROHIBITED BEYOND THIS LITIGATION:**

The Confidential Material shall not be photographed, photocopied or reproduced in any manner except in preparation of or otherwise related to this litigation.

**11.0    PUBLICATION PROHIBITED:**

The Confidential Material shall not be published or reproduced in any manner on the Internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media available publicly or privately. Likewise, persons may not verbally share the Confidential Material to non-qualified

LEWIS
BRISBO
IS
BISGAARD

1   persons.

2   **12.0   ALL DOCUMENTS REVEALED TO THE COURT SHALL BE SEALED:**

3         All motions or other documents filed with the Court, if any, which reveal, include, attach or

4   make reference to any portion of the Confidential Material shall be filed in accordance with the

5   Federal Rules of Civil Procedure and shall be considered Confidential Material governed by the terms

6   of this Stipulated Protective Order.

7   **13.0   NON-WAIVER:**

8         This Stipulated Protective Order is not, and shall not be interpreted as, a waiver by any Party

9   of any right to claim in this lawsuit or otherwise, that the documents or information are privileged or

10   otherwise undiscoverable.

11   **14.0   VIOLATION OF ORDER:**

12         Upon an alleged violation of this Stipulated Protective Order, the Court on its own motion or

13   on the motion of any Party may grant relief as it deems appropriate in law or equity. Should any

14   provision of this Stipulated Protective Order be struck or held invalid by a court of competent

15   jurisdiction, all remaining provisions shall remain in full force and effect.

16   Dated this 6th day of February, 2015.       Dated this 6th day of February, 2015.

17   LEWIS BRISBOIS BISGAARD & SMITH LLP

18

19   By:   /s/ Alayne Opie          By:   /s/ Artumus Ham
     S. Brent Vogel               Ryan Hamilton, Esq.

20   Nevada Bar No. 006858         HAMILTON LAW
     Alayne M. Opie             5125 S. Durango Drive, Suite C

21   Nevada Bar No. 12623          Las Vegas, Nevada 89113
     6385 S. Rainbow Boulevard, Suite 600   and

22   Las Vegas, Nevada 89118        Artumus Ham, Esq.
     *Attorneys for Defendant Narconon Fresh*  EGLET LAW GROUP

23   *Start dba Rainbow Canyon Retreat ("Fresh Start")*  400 S. 7th Street, 4th Floor
                               Las Vegas, Nevada 89101

24                                 *Attorneys for Plaintiffs*

25   . . .

26   . . .

27   . . .

28

1

2  Dated this <u>6th</u> day of February, 2015

3  BAKER, KEENER & NAHRA, LLP

4  By:     /s/ Robert Baker _____
   Robert C. Baker
5  Baker, Keener & Nahra, LLP
   633 West 5th Street, Suite 5500
6  Los Angeles, California 90071
   and
7  Robert McBride
   CARROLL, KELLY, TROTTER, FRANZEN, MCKENNA & PEABODY
8  701 North Green Valley Pkwy, Suite 200
   Henderson, Nevada 89074
9  *Attorney for Narconon International*
   *and Association For Better Living*
10 *And Education International*

11                          **ORDER**

12       Based upon the foregoing Stipulation, and good cause appearing therefore,

13       IT IS HEREBY ORDERED that the Parties have entered into a STIPULATED

14 PROTECTIVE ORDER governing production of documents.

15       IT IS FURTHER ORDERED that the Parties shall be bound by the Stipulated Protective

16 Order.

17 DATED: February 9, 2015

18                          _____
                            United States Magistrate Judge

19 Respectfully submitted by:

20 LEWIS BRISBOIS BISGAARD & SMITH LLP

21

22 By:     /s/ Alayne Opie _____
   S. Brent Vogel, NV Bar 6858
   Alayne M. Opie, NV Bar 12623
23 6385 S. Rainbow Boulevard, Suite 600
   Las Vegas, Nevada 89118
24 *Attorneys for Defendant Narconon Fresh*
   *Start dba Rainbow Canyon Retreat ("Fresh Start")*
25

26

27

28

LEWIS
BRISBO
IS
BISGAARD
& SMITH LLP

4827-4747-6769.1                                    9

EXHIBIT "A'

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID WELCH, a Texas Citizen; STACY
WELCH, a Texas Citizen; and JACK WELCH,
a Texas Citizen,

        Plaintiffs,

        vs.

NARCONON FRESH START d/b/a
RAINBOW CANYON RETREAT, a
California Corporation; ASSOCIATION FOR
BETTER LIVING AND EDUCATION
INTERNATIONAL; NARCONON
INTERNATIONAL
and DOES 1-100, ROE Corporations I-X,
inclusive,

        Defendants.

CASE NO. 2:14-cv-00167-JCM-CWH

Dept. No.: 3

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDERREGARDING

## CONFIDENTIAL INFORMATION

I hereby attest to my understanding that information or documents designated as Confidential

Material and the information contained therein are provided to me pursuant to the terms and

conditions and restrictions of the STIPULATED PROTECTIVE ORDER entered in the above-

styled case.  I have been given a copy, read, and understand the STIPULATED PROTECTIVE

ORDER. I agree to be bound by it, and consent to the personal jurisdiction of the Court that signed

the STIPULATED PROTECTIVE ORDER, for enforcement.

I further agree that I shall not disclose to others in any manner, except in accordance with the

STIPULATED PROTECTIVE ORDER, any Confidential Material as defined in that agreement, and

that such Confidential Material shall be used only for the purposes of the captioned legal proceeding.

I understand that the unauthorized disclosure of Confidential Material could result in the violation of

the rights to privacy, and/or serious economic harm to the party providing the Confidential Material

1   which could continue to cause harm even after the termination of that legal proceeding. I further

2   agree and attest to my understanding that, in the event that I fail to abide by the terms of that

3   STIPULATED PROTECTIVE ORDER, I may be subject to sanctions, including sanctions by way

4   of contempt of court, imposed by the Court for such failure.

5

6

7   _____
      Signature                                Date

8

9   _____
      Name printed

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBO
IS
BISGAARD

4827-4747-6769.1                             11

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard & Smith LLP and that on this 6th day of February 2015, I did cause a true copy of **STIPULATED PROTECTIVE ORDER** to be placed in the United States Mail, with first class postage prepaid thereon, and addressed as follows:

William Forman
SCHEPER KIM HARRIS LLP
601 W. Fifth Street, 12th Floor
Los Angeles, California 90071

Ryan Hamilton
HAMILTON LAW
5125 S. Durango Drive, Suite C
Las Vegas, Nevada 89113
*Attorney for Plaintiffs*

Atumus Ham, Esq.
EGLET LAW GROUP
400 S. 7th Street, 4th Floor
Las Vegas, Nevada 89101
*Attorneys for Plaintiffs*

Bob Baker
Baker, Keener & Nahra, LLP
633 West 5th Street, Suite 5500
Los Angeles, California 90071
*Attorney for Narconon International
and Association for Better Living
and Education International*

Robert McBride
CARROLL, KELLY, TROTTER, FRANZEN, MCKENNA & PEABODY
701 North Green Valley Pkwy, Suite 200
Henderson, Nevada 89074
*Attorney for Narconon International
and Association for Better Living
and Education International*

_____/s/ Erin Adams_____
An Employee of Lewis Brisbois Bisgaard & Smith LLP

4827-4747-6769.1

12