ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ARTEMUS W. HAM, ESQ.
Nevada Bar No. 7001
APRIL N. BONIFATTO, ESQ.
Nevada Bar No. 11924
**EGLET PRINCE**
400 South Seventh Street, 4th Floor
Las Vegas, Nevada 89101
Tel: (702) 450-5400
Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com

Ryan A. Hamilton
NEVADA BAR NO. 11587
**HAMILTON LAW**
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
(702) 818-1818
(702) 974-1139
E-Mail: ryan@hamiltonlawlasvegas.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DAVID WELCH, a Texas Citizen; STACY WELCH, a Texas Citizen; and JACK WELCH, a Texas Citizen,<br><br>Plaintiffs,<br><br>vs.<br><br>NARCONON FRESH START d/b/a RAINBOW CANYON RETREAT; ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL; NARCONON INTERNATIONAL; and DOES 1-100, ROE Corporations I – X, inclusive,<br><br>Defendants. | Case No. 2:14-cv-00167-JCM-CWH<br><br><br>**PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORAL ORDER PURSUANT TO FED.R.CIV.P 72(a)** |

Plaintiffs, DAVID WELCH, STACY WELCH and JACK WELCH, by and through their undersigned counsel, hereby file and submit file Plaintiff's Objection to the Magistrate Judge's Oral Order Pursuant to Fed.R.Civ.P 72(a), 28 U.S.C. § 636(b)(1)(A), and Local Rule 1B 3-1(a).

Plaintiff's Objection is made and based upon the record on file herein, the Memorandum of Points and Authorities, as well as any oral argument this Court may consider at the hearing of this matter.[1]

## I. PROCEDURAL HISTORY

On February 12, 2015, Jack Welch ("Plaintiff") was deposed for one full day by all the Defendants. Plaintiff refused to answer approximately 34 questions. (Dkt. #101-2 at Appendix A, filed under seal). On June 3, 2015, Defendant Narconon Fresh Start (hereinafter "Defendant") filed their Motion to Compel. (Dkt. #87). The reasons for Plaintiff's refusals to answer are articulated in Plaintiff's Opposition to Defendant's Motion to Compel. (Dkt. #94).[2] Defendant thereafter filed a Motion to Compel requesting a second deposition of Plaintiff and sanctions in the amount of $15,517.50. The hearing was held on August 17, 2015, in front of the Honorable Magistrate Judge Carl W. Hoffman (hereinafter referred to as "Magistrate Judge"). An oral ruling in favor of Defendant was entered on August 17, 2015. (Dkt. #107). The oral Order granted Defendant's Motion to Compel stating:

> … Plaintiff shall bear the costs of the limited re-deposition of Mr. Welch … award Defendant the costs and fees associated with the preparation of the motion, reply, and defense counsel's appearance at today's hearing. The Court encourages the parties to meet and confer regarding the amount. If the parties are unable to reach a resolution regarding costs and fees, Defendant should file an appropriate applications [sic] for costs and fees.

(Dkt. #107).

The parties scheduled Plaintiff's second deposition to take place on September 3, 2015 at 9:00 a.m. in Las Vegas, Nevada. This Objection is to the sanction for Defendant's attorney's fees and costs only. Plaintiff has no Objection at this time to a second deposition as Ordered by the Magistrate Judge.

## II. INTRODUCTION

In an abundance of caution to comply with the timing of Fed.R.Civ.P. 72(a), Plaintiff submits his Objection to the Magistrate Judge's August 17, 2015 oral Order even though the

---

[1] This Objection is filed by and brought on behalf of Plaintiff Jack Welch only.
[2] Plaintiff's Opposition was filed on June 22, 2015 (Dkt. #94).

2

Magistrate Judge Ordered the parties to meet and confer, and for Defendant to file a new application for costs and fees should an agreement between the parties not be reached.[3] Plaintiff files the underlying Objection so as to preserve and not to waive any objections or arguments regarding his inability to pay several thousands of dollars in anticipated fees and costs that may become ripe if certain conditions are met.

On August 17, 2015, the Magistrate Judge granted Defendant's Motion to Compel. In granting Defendant's Motion to Compel, the Magistrate Judge ordered: (1) Plaintiff shall bear all the costs of his limited re-deposition, and (2) an award to Defendant for all costs and fees associated with the preparation of the motion, reply and defense counsel's appearance at the August 17, 2015 hearing. (Dkt. #107). Plaintiff brings the foregoing Objection as such heavy monetary sanctions against a twenty-one year old are unreasonable given the circumstances herein. Therefore, when the attorney's fees and costs issue becomes ripe, Plaintiff reserves the right to request a modification of the Magistrate Judge's Order.

Plaintiff requests the preservation of all his rights to further object under Fed.R.Civ.P 72(a) - should it become necessary - regarding the amount of the Magistrate Judge's final order, if any.

### III. LEGAL ARGUMENT.

#### A. LEGAL STANDARD FOR AN OBJECTION TO A MAGISTRATE'S ORDER.

Fed. R. Civ. P. 72(a) governs non-dispositive matters. Fed. R. Civ. P. 72(a) states:

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy… [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

---

[3] Fed. R. Civ. P 72(a) allows 14 days for party to file an objection. However, it is becoming highly unlikely that the parties will be able to have a meet and confer accompanied with the potential of the Defendant filing an application for fees and costs based from the underlying Order within 14 days of the oral Order. Plaintiff will supplement this Objection accordingly.

*See* Fed. R. Civ. P. 72(a). As the Court knows, it may set aside the Order of a Magistrate Judge regarding a pretrial matter if the Magistrate Judge's findings or conclusions are "clearly erroneous or contrary to law." *Ideal Electric Co. v. Flowserve Corp.*, 230 F.R.D. 603, 606 (D. Nev. 2005) *citing* 28 U.S.C. § 636(b)(1)(A), Fed.R.Civ.P. 72(a), and Local Rule 1B 3-1(a). If the District Court Judge "is left with the 'definite and firm conviction that a mistake has been committed,'" the district court judge may overrule the magistrate judge's order.'" *Id. citing Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992).

Plaintiff's Objection is appropriate for the District Court's review pursuant to Fed. R. Civ. P. 72(a). The Order is based upon Defendant's Motion to Compel requesting monetary sanctions and the re-opening of Plaintiff's deposition – both non-dispositive matters. Moreover, Plaintiff's Objection is timely filed.

### A. Whether Attorney's Fees and Costs are Reasonable is Not Ripe for Consideration.

The Magistrate Judge ordered monetary sanctions against Plaintiff as follows: (1) Plaintiff shall bear all the costs of his limited re-deposition, and (2) an award to Defendant for all costs and fees associated with the preparation of the motion, reply and defense counsel's appearance at the August 17, 2015 hearing. (Dkt. #107). The monetary sanctions for attorney's fees and costs are to be determined at a later date, after certain conditions have been satisfied. Thus, the second part of the Magistrate Judge's Order sanctioning Plaintiff for Defendant's attorney's fees and costs (i.e., the part of the Magistrate Judge's Order that is the subject of this Objection) is not ripe for consideration.

This Objection will become ripe once the parties have had an opportunity to meet and confer (as the Court's Order encourages) regarding the currently unknown amount of attorney's fees and costs.[4] Depending on the outcome of the meet and confer, Defendant may file an application for costs and fees as suggested by the Magistrate.[5] At this point, a comprehensive objection by Plaintiff is <u>not</u> possible because Plaintiff has no dollar amount in which to base a

---

[4] In its Order, the Court "encourage[d] the parties to meet and confer regarding the amount." (Dkt. #107).
[5] After the meet and confer, "if the parties are unable to reach a resolution regarding costs and fees, Defendant should file an appropriate applications *[sic]* for costs and fees." *Id*.

1  proper legal argument at this time.  Defendant's Motion to Compel does not comply with Local
2  Rule 54-16(a)-(c)[6] respective of a request for attorney's fees and costs.  Defendant's request for
3  reasonable fees and costs is not supported by any supporting documentation such as affidavits,
4  billing records, receipts or the like.[7]

5        Defendant's Reply in Support of the Motion to Compel states that for the preparation of
6  the Motion to Compel and Reply only, Defendant incurred fees of approximately $15,517.50.
7  (Dkt. #101 at 12:25). Based on the dollar amount Defendant requested in the Reply, Plaintiff
8  can only anticipate an application for attorney's fees and costs in the tens of thousands of
9  dollars for Defendant's motion practice and costs.  Plaintiff cannot be sure of the exact amount
10 requested until the application for attorney's fees is filed.  As a result, Plaintiff is unable to
11 lodge a comprehensive Objection within the 14-day parameter of Fed.R.Civ.P 72(a) as it relates
12 to the attorney's fees portion of the Order.

13       Therefore, Plaintiff files this Objection to preserve his rights associated with challenging
14 the amount of the Magistrate Judge's final Order for attorney's fees and costs, which will only
15 occur if the aforementioned conditions are met.

16 . . .
17 . . .
18 . . .
19 . . .
20 . . .
21 . . .
22 . . .
23
24 . . .
25

---

[6] LR 54-16 sets forth the timing and content requirements for Motions for attorney's fees.  *See* D.Nev.Civ.Prac.R. 54-16(a)-(c).

[7] LR 54-16(a)-(c)(1)-(4), in part, provides that a motion for attorney's fees must, include an itemization and description of the work performed, itemization of all costs sought, and a brief summary including all requirements set forth in 54-16(b)(3)(A)-(L).

IV. **CONCLUSION.**

For the foregoing reasons, Plaintiff respectfully requests this Court allow Plaintiff to supplement his Fed.R.Civ.P 72(a) Objection if and when the attorney's fees and costs portion of the Magistrate Judge's oral Order becomes ripe. Plaintiff timely files this Objection, based on the ripeness of the re-deposition sanction against Plaintiff,[8] for the purpose of preserving his rights under Fed.R.Civ.P 72(a) so as not to waive any objections or potential arguments regarding his inability to pay thousands of dollars in anticipated fees and costs that may become ripe if certain conditions occur.

DATED this __28th__ day of August, 2015.

/s/ *Artemus W. Ham, Esq.*
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ARTEMUS W. HAM, ESQ.
Nevada Bar No. 7001
APRIL N. BONIFATT, ESQ
Nevada Bar No. 11924
**EGLET PRINCE**
400 South Seventh Street, 4th Floor
Las Vegas, Nevada 89101
Tel: (702) 450-5400
Fax: (702) 450-5451
E-Mail: *eservice@egletwall.com*

RYAN A. HAMILTON, ESQ.
Nevada Bar No. 11587
**HAMILTON LAW**
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
(702) 818-1818
(702) 974-1139
E-Mail: ryan@hamiltonlawlasvegas.com
*Attorneys for the Plaintiffs*

---

[8] In compliance with the oral Order, Plaintiff has already scheduled a September 3, 2015 re-deposition Las Vegas, Nevada with the Defendant.

6